[No. 607. Decided February 7, 1890.]

CHARLES HAAS, WILLIAM HAAS, KOLMAN HAAS AND LEO-POLD KLAU, *Copartners*, v. D. J. GADDIS, S. H. BECK-WITH, G. S. RODERICK AND S. R. FORD, *Executors*.

APPEAL — STATEMENT OF FACTS — ATTORNEYS — PRACTICE — SHERIFF'S FEES — CONSTRUCTION OF STATUTES — DUTY OF SHERIFF.

Where it appears from the record that an attorney appears generally for all the defendants in an action, his stipulation that a notice of appeal might be given and a statement of facts settled at another time and place than named in the notice therefor, is binding on all the defendants, although the record also shows some of them were represented specially by other attorneys.

The court will not presume, merely from the fact that one of the defendants is represented specially by a firm, one of whose members has the same surname as the attorney signing the stipulation, that the latter is a member of said firm.

Under the appeal act of 1883, it is not essential that the statement of facts should be attached to the transcript, the statute only requiring it to be sent up therewith; and where the certificate of the trial judge describes the statement of facts as having the same number and title as the papers in the transcript, and the statement and transcript were filed together in the supreme court, the statement is sufficiently identified with the transcript to be considered in connection therewith.

Section 1 of the appeal act of 1883, requiring the transcript to be filed in the supreme court within the time required by law, is governed by § 460 of the code as to time of filing; but where a transcript has been filed less than fifteen days before the first day of the next term of the supreme court, appellees can take advantage of such failure only in the manner provided by § 461 of the code.

Where the trial judge certifies that the statement contains all the material facts in the case, the omission of an instruction not claimed to be material by appellee, and which neither party has attempted to bring up, is no ground for dismissing the appeal.

Section 2772 of the code, providing that no sheriff shall be liable for damages for refusing to serve any civil process unless his legal fees are first tendered him, must be construed in connection with § 2099, providing that no officer shall be required to perform any official act unless his fees are paid when he demands the same, as they are upon the same subject-matter; and in an action against a sheriff for damages for failure to levy an execution, it is no defense for him to allege that his fees were not tendered, where he has made no demand for them in advance of service. (ANDERS, C. J., dissents.)

Where partnership property was attached in an action against one of the partners, and subsequently, but prior to judgment against the individual partner, creditors of the partnership attached the same property and obtained judgment in an action against the partnership, the sheriff's refusal to proceed under execution in favor of the judgment creditors of the partnership, and his sale of the property upon the judgment obtained against the individual partner, will not render him liable for damages.

*Appeal from District Court, Chehalis County.*

The facts are fully stated in the opinion.

*George J. Moody,* for appellants.

The taking by said sheriff of the entire property of J. D. Mace & Company upon the writ of attachment or execution in case of *I. R. Dawson v. J. D. Mace,* was unlawful. *Gibson v. Stevens,* 7 N. H. 352; *Wilson v. Conine,* 2 Johns. 280; *Paige v. Carpenter,* 10 N. H. 77; *Dow v. Sawyer,* 12 N. H. 271, and 14 N. H. 9; *Morrison v. Blodgett,* 8 N. H. 238. Especially if he afterward sell the whole property, as in this case. 1 Gall. 370; 15 Mass. 82.

Such attachment was illegal and void against subsequent

attachment by the firm creditors, and might have been dissolved and the property surrendered to the creditors of the firm. *New Orleans v. Gauthreaux*, 32 La. Ann. 1126.

The levy of the writ of attachment or execution in the case of *I. R. Dawson v. J. D. Mace*, upon the whole property of the firm of J. D. Mace & Company instead of the interest of J. D. Mace therein, and a subsequent sale thereof, constitutes the sheriff making such attachment or levy and sale a trespasser *ab initio* as to the remaining partners and the creditors of the firm. *Spaulding v. Black*, 22 Kan. 55; *Atkins v. Sexton*, 77 N. Y. 195; *Daniel v. Owens*, 70 Ala. 297; *Snell v. Growe*, 3 Utah, 26; *Newman v. Bean*, 1 Fost. 93; 26 Am. Jur. 23.

*Bignold & Robinson* and *Evans & Irwin*, for appellees.

Counsel cited Code Wash. T., § 2772; *Columbia, etc., R. R. Co. v. Hawthorne*, 3 Wash. T. 353; *Clime v. Dawkins*, 6 How. 674; *Kelly v. Gage*, 6 Pet. 622; *Indianapolis, etc., R. R. Co. v. Horst*, 93 U. S. 291.

The opinion of the court was delivered by

SCOTT, J. — The defendants, Beckwith and Roderick, appellees, move to strike the notice of appeal, and the statement of facts, and to dismiss the case for the following reasons: That no notice of appeal was given, and no notice to said appellees to appear at the time the statement of facts was settled; that the statement of facts is not connected with the transcript, or sufficiently identified to be considered in the case; that the transcript was not filed within the time prescribed by law; and that the instructions given by the court to the jury are not all here.

The transcript shows that notice was served June 12th, 1888, on appellees by appellants, that they would give notice of an appeal August 18th, 1888, at an hour therein specified, before the judge at chambers, who tried the cause below, and would also apply at the same time to

have a statement of facts settled; that said notice was given within the time prescribed by law after the rendition of judgment, and was otherwise sufficient. That appellants duly appeared at the time and place specified, but were unable to give notice of an appeal or to apply for a settlement of a statement of facts, by reason of the absence of the judge before whom the cause was tried. That at said time a stipulation was entered into between appellants' attorney and Elwood Evans, one of the attorneys for the defense, providing that a notice of appeal might be given and a statement of facts settled in said action on the 17th day of September, 1888, at the Montesano term of the district court, then and there to be held, at which time the notice of appeal was given and statement of facts settled. Attorneys Bignold and Robinson were present but refused to take any part in the settlement of the statement. Appellees Beckwith and Roderick claim they were not parties to said stipulation and are not bound by it; that they were represented in this case only by the firm of Bignold & Robinson, and that Elwood Evans who signed said stipulation was an attorney for certain other of the defendants only. It further appears by the transcript that the action was commenced in June, 1887, and in July, 1887, Bignold & Robinson first appeared therein as attorneys for the defendants Gaddis, Beckwith and Roderick, and that they subsequently withdrew for the defendant Gaddis; that August 13th, 1887, Mason Irwin appeared as attorney for defendant Ford; and on May 16th, 1888, at the time of the trial, Elwood Evans appeared as an attorney in the action apparently for all of the defendants, the journal entry relating thereto reciting that the defendants appeared by their attorneys Elwood Evans, Mason Irwin and Bignold & Robinson; all of said attorneys subsequently admitted service generally for the defendants, of a notice of a motion for a new trial, and in the order of the court denying the motion Elwood Evans is again spoken of as an attorney for

the defendants, without specifying any particular ones. His only other act in the case was the signing of the stipulation aforesaid on August 18th, 1888. Prior thereto, the firm of Irwin & Evans appear as attorneys in the action by a written admission of service of the notice to settle the statement heretofore mentioned, especially limiting their appearance, however, for the defendant Ford; and Bignold & Robinson admit service thereof, specially for the defendants Beckwith and Roderick, who move to dismiss this appeal, claiming that Elwood Evans who signed the stipulation was a member of the firm of Irwin & Evans, who only represented the defendant Ford, and that he had no authority to bind Beckwith and Roderick. If it appeared in the record that Elwood Evans was the Evans named in the firm of Irwin & Evans, the fact that the firm admitted service specially for the defendant Ford may have operated as a notice to the appellants that he was only authorized, and that he only intended to act for said defendant Ford, but it does not so appear. It does appear, however, by an affidavit of service in the record, that Mason Irwin is one of said firm, and he does not act individually in the case after the appearance of the firm name; Elwood Evans does, by signing the stipulation. From these facts the court will not presume that Elwood Evans was a member of said firm, or that he only represented the defendant Ford, when his every act indicates that he appeared for all of the defendants, and at no time does it appear that any objection was made thereto by the defendants Beckwith and Roderick until now. As to the point urged that the statement is not connected with the transcript and is no part of the case: It appears to have been filed in said cause in the court below and bears the same number (97) that the papers contained in the transcript were numbered below. The certificate of the trial judge mentions it as the statement in case No. 97, *Haas Bros. v. D. J. Gaddis et al.*, and it appears to have been filed in this court at the same

time the transcript was filed. From these facts the court finds it is properly here and a part of the case; it is not essential that the statement should be attached to the transcript, the statute only requiring it to be sent up therewith. Act of 1883, p. 59, § 3.

As to the further point that the transcript was not filed within the time prescribed by law: It appears that it was filed December 27th, 1888, less than fifteen days before the first day of the next term of the supreme court thereafter; this appears to be contrary to the provisions of § 460 of the code, taken in connection with § 1 of the appeal act of 1883, requiring the transcript to be filed in this court within the time required by law, as § 460 is the only place where the time of filing is specified. The supreme court, in the case of *Turner v. Saxon*, 3 Wash. T. 473, where the question of notice only was involved, which is excepted in the act of 1883 from the operation of any other law, held that § 460 does not apply to cases appealed under the 1883 act. We are of the opinion that it does apply as to the time of filing the cause, but appellees not having taken advantage of such failure, in the manner provided by § 461 of the code, or before the transcript was filed, their objections will not be allowed to prevail.

As to the last point made, that the instructions are not all here, it appears that three instructions were given at the trial, and only two are contained in the record. There was no request or attempt by any of the parties to have the other one brought up. The instructions here are contained in the statement which is duly certified by the judge to contain all the material facts in the cause. It is not claimed by the appellees that the instruction omitted is material, nor do they ask to have it brought here, and as all the parties to the action and the judge who tried the cause seem to have regarded it as unimportant for a fair

consideration of the cause in this court, it is held by us to be unnecessary.

. The motion to dismiss is therefore overruled.

ANDERS, C. J., and STILES, J., concur.

HOYT and DUNBAR, JJ., not sitting on the hearing of the motion.

### OPINION ON THE MERITS.

SCOTT, J.—This was an action brought by appellants against the sheriff of Chehalis county and his bondsmen, for failure to proceed under certain executions issued upon judgments in favor of plaintiffs against J. D. Mace and Harvey C. Minkler, who were partners doing business under the firm name of J. D. Mace & Co.

It appears that on the 30th day of September, 1884, I. R. Dawson commenced suit against said J. D. Mace individually, and therein on said date attached certain property belonging to said firm. Subsequently the plaintiffs herein commenced suit against the firm and obtained the judgments upon which said executions were issued. It appears that writs of attachment were first issued in said actions and were levied upon the same property seized in the suit begun by Dawson, but were subsequent thereto, and also by the sheriff's return it appears that such levies for plaintiffs were made subject to the seizure for Dawson. Judgment was rendered in the suit brought by Dawson against J. D. Mace, and execution issued therein and levied upon the property previously attached, but before a sale the plaintiffs obtained judgments in their actions and had executions issued to the sheriff. The sheriff sold the goods under the prior execution, and Dawson received the proceeds thereof, whereupon plaintiffs brought this action upon his official bond, claiming said goods should have been sold under their writs for their benefit.

As one of his defences thereto, the sheriff alleged that he demanded an indemnifying bond of plaintiffs, which they

refused to give, and also that the plaintiffs were bound to tender him his fees for serving their writs, although he made no demand therefor, and as they did not do so he claimed the action could not be maintained against him. See code, § 2772.

The court in effect instructed the jury that it was incumbent on plaintiffs to tender the sheriff his fees in the first instance regardless of a demand, and § 2772 would seem to bear no other interpretation; but we hold it should be construed in connection with § 2099 of the code upon the same subject-matter. We see no reason why § 2099 should not have equal force with the section first cited; either statute literally interpreted conflicts with the other, and as some violence must be done to the language of one of them, we must give force to that construction which accords with good sense and justice. Therefore, we hold that the instruction was erroneous and that it was not necessary to tender the sheriff his fees without any demand from him therefor.

But are plaintiffs in a position to take advantage of this error; were they injured thereby? Dawson had a prior levy upon the property. It is true his attachment and execution were only against one member of the firm, and the sheriff seized and sold the firm's goods thereunder. In such a case the sheriff would ordinarily be justified in selling only the interest of the defendant partner therein, not the entire property. But there is nothing to show that the partner who was not a defendant in the Dawson suit objected in any way to the sheriff's action, and for aught that appears, both members of the firm may have consented that the partnership property be taken by the sheriff to satisfy the individual debt. In such a case, in the absence of any fraud, the property might have become divested of its partnership character by virtue of the levy. It was incumbent on plaintiffs, if they desired to assert a superior claim to the firm's property over Dawson, to have taken

some steps to have their rights as against him adjudicated. They could not impose upon the sheriff the burden of deciding upon the legality of their respective claims. They did not apply to the court in any manner to have the Dawson levy set aside or to have their debt first paid out of the partnership property, and we must hold that their case against the sheriff and his bondsmen, after giving the most liberal intendments to their pleadings and the testimony, was insufficient to support a verdict, had they obtained one, and, consequently, that they were not prejudiced by the erroneous instruction.

The judgment of the court below is therefore affirmed.

DUNBAR, J., concurs.

STILES, J. — I concur in the affirmance for the reason that, in my judgment, the plaintiffs had adequate means at their disposal to have the question of the title of the property and the correctness of the sheriff's action determined in proceedings for that purpose. With such means at hand they could not force upon the sheriff the dilemma of deciding the question of title, and then take advantage of his error by an action for damages.

ANDERS, C. J. — I concur in the result, but I do not think the court below erred in instructing the jury that the sheriff would not be liable unless his fees were tendered him. The instruction was in the exact language of the statute, and therefore, in my opinion, not erroneous.

HOYT, J., not sitting.